# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00358-MR

| | |
|---|---|
| AMY WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's appeal of the Commissioner's decision denying her social security benefits. The parties have fully briefed this issue. [See Docs. 6; 8].

## I. PROCEDURAL HISTORY

On August 20, 2019, Amy Walker ("Plaintiff") filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), initially alleging an onset date of January 1, 2015. [Transcript ("T.") at 18]. She later amended her alleged onset date to August 20, 2019. [Id.]. Plaintiff's claims were initially denied on January 31, 2020, and denied upon reconsideration on April 17, 2020. [Id.]. At Plaintiff's request, a hearing was held before an Administrative Law Judge (the "ALJ") on September 19, 2022.

[Id.]. On January 30, 2023, the ALJ issued a written decision denying Plaintiff benefits. [Id. at 15-29]. The Appeals Council denied Plaintiff's request for review on October 19, 2023, thereby making the ALJ's decision the final of the Commissioner. [Id. at 5]. Plaintiff has now exhausted all her administrative remedies. Thus, this case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a

preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

4

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date, August 20, 2019. [T. at 20]. At step two, the ALJ found that from her alleged onset date Plaintiff had suffered from severe impairments, including attention-deficit/hyperactivity disorder (ADHD), spine disorders, anxiety, depression, and epilepsy. [Id.]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id. at 21]. The ALJ then determined that between her amended alleged onset date and the date of his decision, Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 416.967(b) except the [Plaintiff] can frequently climb ramps and

6

Case 1:23-cv-00358-MR   Document 9   Filed 07/31/24   Page 6 of 14

> stairs, balance, stoop, kneel, crouch, and crawl, but can only occasionally climb ladders, ropes, and scaffolds. The [Plaintiff] can have occasional exposure to fumes, odors, and pulmonary irritants. The [Plaintiff] can have occasional exposure to workplace hazards such as working at unprotected heights and working around moving mechanical parts. The [Plaintiff] can have frequent interactions with supervisors, coworkers, and the public. The [Plaintiff] is able to carry out simple instructions and deal with occasional changes in a routine work setting.

[Id. at 23-24].

At step four, the ALJ determined that Plaintiff had no past relevant work experience. [Id. at 28]. However, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, she could perform other jobs that exist in significant numbers in the national economy, such as sales attendant, routing clerk, and merchandise marker. [Id. at 28-29]. Thus, the ALJ concluded that Plaintiff was not "disabled," within the meaning of the Act, between her amended alleged onset date and the date of his decision. [Id. at 29].

## V. DISCUSSION[1]

As one of her assignments of error on appeal, Plaintiff contends that the ALJ failed to properly evaluate her Chiari malformation and related symptoms in formulating her RFC. [See Doc. 6 at 4-8]. However, to adequately address Plaintiff's arguments regarding step four of the sequential process, the Court must first analyze a related issue at step two.

At the second step, an ALJ must consider whether a claimant's alleged impairments are "medically determinable." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The Administration's regulations explain that a "medically determinable" impairment results from:

> anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).

§§ 404.1521, 416.921. After identifying a claimant's medically determinable impairments, the ALJ must classify each as either "severe" or "not severe." Id.; see also Ann J.B. v. Kijakazi, No. 2:22-cv-223, 2023 WL 3138925, at *6

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

(E.D. Va. Mar. 29, 2023). To be classified as severe, an impairment must "significantly limit[]" a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a); see also Abraham v. O'Malley, No. 5:23-3823-RMG, 2024 WL 3507502, at *2 (D.S.C. July 23, 2024). In contrast, an impairment is not severe if it "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984).

Here, Plaintiff alleged that she suffers from Chiari malformation. [See, e.g., t. at 44, 209]. However, the ALJ's analysis at step two does not include *any* discussion of this condition. Therefore, it fails to demonstrate that the ALJ evaluated the medical determinability or severity of Plaintiff's condition as required by the Administration's own regulations.[2] Moreover, even if the ALJ conducted the required analyses, his failure to explain his decision

---

[2] This failure is particularly significant here because the medical evidence of record plainly demonstrates that Plaintiff was diagnosed with Chiari malformation after a car accident in 2015, and objective medical evidence, including an MRI, supports this diagnosis. [T. at 70, 503, 622, 690]; see also Massie v. Kijakazi, No. 3:20-cv-545, 2021 WL 4221629, at *3 (S.D. W. Va. Aug. 19, 2021), rep't and rec. adopted, 2021 WL 4203653 (S.D. W. Va. Sept. 15, 2021) (ALJ erred by failing to evaluate whether impairments were medically determinable, especially in light of "clear diagnoses and treatment").

9

Case 1:23-cv-00358-MR    Document 9    Filed 07/31/24    Page 9 of 14

making leaves the Court entirely unable to conduct any meaningful review thereof.[3]

This error, however, does not result in the reversal of the ALJ's decision "so long as all of the limitations posed by [Plaintiff's Chiari malformation] are considered in formulating [her] RFC" at step four of the sequential process. See Lauver v. Astrue, No. 2:08-CV-87, 2010 WL 1404767, at *5 (N.D. W. Va. Mar. 31, 2010); see also Jones v. Astrue, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (collecting cases). Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[4] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a

---

[3] The ALJ found Plaintiff's "spine disorders" to be a severe impairment. [T. at 20]. If the ALJ intended to account for Plaintiff's Chiari malformation within the broad category of "spine disorders[,]" his discussion at step two does not include any explanation that would allow the Court to reach this conclusion.

[4] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

10

claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

In formulating the RFC, an ALJ is required to "consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8p. More specifically, Ruling 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

[Id.]. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." [Id.].

As noted above, Plaintiff has been diagnosed with Chiari malformation, a condition known to "cause headaches, neck pain, and other problems." [T. at 629]. However, while the ALJ cites some of the medical evidence of record documenting her symptoms, and notes that she suffers from Chiari syndrome, [see id. at 24-26], he does not explain in his opinion what impact Plaintiff's condition and related symptoms have on her ability to perform the

11

functions identified as relevant by SSR 96-8p before reaching his conclusions regarding her RFC.  This omission is notable, considering that the medical evidence of record indicates that Plaintiff repeatedly informed the Administration and her healthcare providers that she suffers from severe headaches and dizziness because of her condition.[5]  [See id. at 253, 276, 497, 556, 622, 647, 688].

The lack of any explanation as to how the ALJ accounted for Plaintiff's Chiari malformation and related symptoms is further compounded by a number of inconsistencies in his decision.  For instance, while the ALJ concludes that the opinion of Dr. Brendan Black is unpersuasive because he failed to account for Plaintiff's need to avoid working at unprotected heights, the ALJ's RFC conclusion states that Plaintiff "can have occasional exposure to workplace hazards such as working at unprotected heights . . . ."  [See id. at 27; but see id. at 24].  Additionally, while the ALJ concludes in one place that Plaintiff should have "limited social interactions[,]" [id. at 27], his RFC

---

[5] Even if the ALJ had restricted Plaintiff's RFC based on her headaches, his failure to make specific findings regarding the severity and frequency of her symptoms would still necessitate remand.  See Woody v. Kijakazi, No. 22-1437, 2023 WL 5745359, at *1 (4th Cir. Sept. 6, 2023) (noting that court could not conclude that RFC sufficiently accounted for impairments where ALJ failed to make specific findings regarding severity and frequency of claimant's headaches).

conclusion states that she may "have frequent interactions with supervisors, coworkers, and the public." [Id. at 24].

A reviewing court cannot be "left to guess about how the ALJ arrived at his conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. Indeed, without a consistent and coherent explanation of how the ALJ reached his conclusions regarding a plaintiff's RFC, "the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded so that the ALJ may comply with the proper procedure for assessing Plaintiff's Chiari malformation and related symptoms before expressing an RFC determination. See Mascio, 780 F.3d at 636.

## VI. CONCLUSION

On remand, the ALJ should consider the medical determinability and severity of Plaintiff's Chiari malformation at step two. The ALJ should then explain the impact, if any, of this condition and its symptoms on her ability to perform the functions identified in SSR 96-8p, demonstrating how the

13

Case 1:23-cv-00358-MR   Document 9   Filed 07/31/24   Page 13 of 14

evidence of record supports each conclusion reached.[6] The ALJ should also reach consistent conclusions throughout or explain any apparent inconsistencies.

## ORDER

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of the Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge

---

[6] Plaintiff similarly contends that the ALJ failed to account for the pain stemming from her cervical and lumbar diseases in formulating her RFC. [Doc. 6 at 3]. While the Court need not address this argument considering its analysis above, the Administration may address it on remand.